IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

MARY HELEN PIERSON (JOHNSON)   Gibson Chancery No. H-3287
                                C.A. No. 02A01-9609-CH-00210

    Plaintiff,

                                 Hon. George R. Ellis, Chancellor

v.

**FILED**

LUTHER WILLIAM JOHNSON,

    Defendant.

**July 30, 1997**

SAM WATRIDGE, Humboldt, Attorney for Plaintiff. **Cecil Crowson, Jr.**
**Appellate Court Clerk**

MITCH TOLLISON, Hawks & Tollison, Humboldt, Attorney for Defendant.

*DISMISSED AND REMANDED*

Opinion filed:

_____

MEMORANDUM OPINION[1]

_____

TOMLIN, Sr. J.

    Mary Helen Johnson (hereafter "Wife") filed suit for divorce in the Chancery Court of Gibson County against Luther William Johnson (hereafter "Husband") seeking a divorce on the grounds of irreconcilable differences, along with division of marital property, child custody, child support, etc. . . .   Husband filed a counter-complaint for divorce on the grounds of adultery, inappropriate marital conduct and irreconcilable differences.  The chancellor entered an Interim Decree of Divorce on October 23, 1995, which granted a divorce to both parties upon stipulation, at the time specifically reserving "the issues of property rights, child custody, and paternity issues" until a hearing in early January, 1996.  These issues were reserved for the Juvenile Court of Gibson County, which was deemed to have proper jurisdiction over such issues.  The interim decree of divorce also postponed any decision as to the division of marital property.

_____

[1]Rule 10(b) (Court of Appeals). <u>MEMORANDUM OPINION.</u> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

On December 14, 1995, Husband filed a motion to continue the final hearing set for January 3, 1996 on the grounds that he intended to appeal the decision of the Gibson County Juvenile Court relative to child support. While there is no order in the record pertaining to the Husband's motion to continue, it appears that the motion was denied as there was a hearing held on January 3, 1996.

On January 5, 1996, Wife filed a Motion to Specify Property to be Sold at Public Sale. In this motion Wife acknowledged that on January 3, 1996, the trial court "ordered the sale of all marital property at a hearing held on January 3, 1995, including the home, Aerostar van and other personal property." Husband thereafter filed a Response to Plaintiff's Motion to Specify Property to be Sold at Public Sale.

On February 23, 1996, the chancellor entered a Final Decree of Divorce, which ordered the sale of certain marital assets for the purpose of paying debts. On March 18, 1996, the trial court entered an order denying Wife's Motion to Specify Marital Property to be Sold. On March 26, 1996, the chancellor entered an order dismissing Husband's Motion for Ruling on Paternity after having been withdrawn by Husband. In the same order, the trial court denied Wife's Motion for Costs and Attorney Fees. On April 24, 1996, Wife filed her Notice of Appeal and Cost Bond, although in her notice of appeal she did not designate the judgment from which she was appealing.

From a review of this record, it appears that the Final Decree of Divorce entered on February 23, 1996, incorporated by reference the findings in the Interim Decree of Divorce. It also divided the marital property and awarded Wife a credit of $5,219.24 in the marital property.

It appears to this court that the decree of the chancellor that brought finality to the proceedings was that entered on February 23, 1996. Therefore Wife's Notice of Appeal filed on April 24, 1996 was filed beyond the thirty (30) day time period set forth in T.R.A.P. 4(a). We also note that Wife failed to file any motion for relief pursuant to Rule 60.02 T.R.C.P..

In light of the fact that Wife failed to timely file her notice of appeal we have no jurisdiction on the issues raised therein. Accordingly, the appeal must be dismissed.

In light of the clarity of these circumstances, we are of the opinion that

Husband's request for costs and attorney fees incurred by him in connection with this appeal is well taken. Therefore, we award these costs and expenses pursuant to T.C.A. § 27-1-122. In connection therewith, this matter will be remanded to the Chancery Court of Gibson County for a hearing in that court to ascertain the nature and amount of costs and attorney fees to be awarded to Husband.

Costs in this cause on appeal are taxed to Wife, for which execution may issue if necessary.

_____
TOMLIN, Sr. J.


_____
CRAWFORD, P. J., W.S.    (CONCURS)


_____
HIGHERS, J.                (CONCURS)